# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT DAYTON

RANDOLPH HAMILTON,

    Petitioner,

        Case No. 1:09-cv-295

  -vs-

        District Judge S. Arthur Spiegel
        Magistrate Judge Michael R. Merz

TIMOTHY BRUNSMAN, Warden,

    Respondent.

## REPORT AND RECOMMENDATIONS

Petitioner Randolph Hamilton brought this habeas corpus action under 28 U.S.C. § 2254 to obtain relief from his conviction in the Butler County Common Pleas Court on one count of possession of cocaine.  He pleads the following grounds for relief:

> **Ground One:** Petitioner's confined by Respondent is unlawful because of partiality of trial judge - Sixth Amendment.
>
> **Supporting Facts:** In overruling Petitioner's motion to withdraw guilty plea state trial Judge based decision on personal knowledge and not record evidence thereby violating Sixth and Fourteenth Amendment right to impartial tribunal.
>
> **Ground Two:** Denial of counsel at trial court level.
>
> **Supporting Facts:** Trial counsel was actively pursuing conflicting interests in the case, the petitioner's and at the same time the State of Ohio's in violation of the Sixth and Fourteenth Amendment[s], United States Constitution.
>
> **Ground Three:** Absolute right to due process under Fourteenth Amendment denied where court exceeded sentencing authority.

> **Supporting Facts:** State trial judge sentenced Petitioner for elements of offense for which he was never charged, thereby exceeding sentencing authority.
>
> **Ground Four:** Denial of effective assistance of appellate counsel in violation of 6th and 14th Amendment[s].
>
> **Supporting Facts:** Appellate counsel filed an *Anders v. California* brief and therefore abandoned Petitioner to proceed in *pro se* in violation of right to counsel on appeal.

(Petition, Doc. No. 1, PageID 5-9.) Respondent filed an Answer/Return of Writ on the Court's Order to do so (Doc. No. 8). Petitioner has failed to file a reply to the Answer, despite the expiration of nearly nine months from the filing of the Return. Thus the Petition is ripe for decision.

## Procedural Default

Respondent contends that Petitioner's Third Ground for Relief is procedurally defaulted because it was never presented to the state courts for decision.

The procedural default defense in habeas corpus is described by the Supreme Court as follows:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an adequate and independent state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause of the default and actual prejudice as a result of the alleged violation of federal law; or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice.

*Coleman v. Thompson*, 501 U.S. 722, 749 (1991); *see also Simpson v. Jones,* 238 F. 3rd 399, 406 (6th Cir. 2000). That is, a petitioner may not raise on federal habeas a federal constitutional right he

could not raise in state court because of procedural default. *Wainwright v. Sykes*, 433 U.S. 72 (1977); *Engle v. Isaac*, 456 U.S. 107 (1982). Absent cause and prejudice, a federal habeas petitioner who fails to comply with a State's rules of procedure waives his right to federal habeas corpus review. *Boyle v. Million*, 201 F.3d 711, 716 (6th Cir. 2000); *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Engle v. Isaac*, 456 U.S. 107 (1982); *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). *Wainwright* replaced the "deliberate bypass" standard of *Fay v. Noia,* 372 U.S. 391 (1963).

Failure to raise a constitutional issue at all on direct appeal is subject to the cause and prejudice standard of *Wainwright v. Sykes*, 433 U. S. 72 (1977). *Murray v. Carrier*, 477 U.S. 478, 485 (1986); *Mapes v. Coyle,* 171 F.3d 408, 413 (6th Cir. 1999); *Rust v. Zent,* 17 F.3d 155 (6th Cir. 1994); *Leroy v. Marshall*, 757 F.2d 94 (6th Cir. 1985). Failure to present an issue to the state supreme court on discretionary review constitutes procedural default. *O'Sullivan v. Boerckel*, 526 U.S. 838 (1999). "Even if the state court failed to reject a claim on a procedural ground, the petitioner is also in procedural default 'by failing to raise a claim in state court, and pursue that claim through the state's ordinary appellate procedures.'" *Thompson v. Bell*, 580 F.3d 423 (6th Cir. 2009), citing *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006).

Respondent is correct in his assertion: the claim that Petitioner was sentenced for "elements of offense for which he was never charged" appears nowhere in Petitioner's state court appellate papers. Because an Ohio defendant is only entitled to one appeal of right and *res judicata* would bar Petitioner from presenting this claim to the Ohio courts now, it is procedurally defaulted and should be dismissed on that basis.

**Merits Analysis**

Petitioner did present his other three grounds for relief to the state appellate courts. Because he has made no argument on those claims in this Court beyond the bare pleading of the Petition, this Court must rely on his presentation in the Ohio Court of Appeals to determine what his arguments are.

As noted by Respondent, Petitioner's appellate counsel filed an *Anders* brief and was permitted to withdraw. Thus Petitioner's arguments on appeal are contained in his *pro se* Brief, Exhibit 10 to the Return of Writ (Doc. No. 8). In his Brief, he admits that Middletown Police, acting pursuant to a search warrant, found 33 grams of crack cocaine in his apartment. Based on that, he pled guilty to one count of possession of cocaine. As part of the plea agreement, he was to act as an informant for the Middletown Police to set up his drug supplier; in return, he would be sentenced to no more than five years in prison. In order for him to complete his part of the bargain, he was released on his own recognizance. However, it was apparently alleged that he violated the terms of his bond, a capias was issued for his arrest, and the case set for sentencing on January 16, 2008. Before sentencing his counsel made an oral motion to withdraw the guilty plea, asserting that he was unable to keep his part of the bargain because the fact of his release and its purpose had been posted on the website of the Butler County Clerk of Courts. Apparently Petitioner learned this fact from his girlfriend, Andrea Howard, who learned it from her niece. Petitioner complains:

> The trial Court countered this information by relying upon the Court's, prosecuting attorney's and defense counsel's negative inferences that since none of the above had viewed such web-site with this information on it, that the event did not occur.

(Appellant's Brief, Ex. 10 to Return of Writ, Doc. No. 8, PageID 83.) Petitioner's argument on this point follows:

> The trial Court rebutted these claims with the Court's, prosecutor's and defense counsel's opinions that this allegation was not true without any record support.
>
> It is black-letter law in Ohio that where a court bases its ultimate decision is a case before it, not upon evidence properly admitted ,but merely upon the Court's own personal memory, then the defendant is deprived of his fundamental Sixth & Fourteenth Amendment right to confrontation and effective cross-examination. State v. Denoon,[1966J,8 Ohio App. 2d 70,220 N.E. 2d 730;Compare: Tumey v. Ohio,(1927),273 U.S. 510,47 S.Ct. 437,71 L.Ed. 749[where court has personal interest in outcome of trial, partial tribunal].
>
> Likewise, the trial court in this instance relying upon it's own personal knowledge or lack thereof in addition to that of the prosecutor as well as defense counsel in this case as a basis to overrule Appellant's motion to withdraw guilty plea is contrary to clearly established federal law as determined by the United States Supreme Court and/or an unreasonable application thereof See: Williams v. Taylor, 529 U.S.362,120 S.Ct. 1495,146 L.Ed.2d 389[2000];Stovall v. Harris, 212 F. 3d 940,942 [6thCir. ,2000l.

(*Id.*. at PageID 84.)

In these assertions, Petitioner has the law exactly upside-down. The only "evidence" before the Court that the damaging entry appeared on the website was plain hearsay: the out-of-court statement by the niece, related in court by her aunt, Andrea Howard. Hearsay is not admissible evidence, so there was admissible evidence on the record to support Petitioner's excuse for why he had not kept his part of the plea bargain. Judges rely all the time in making decisions on the absence of proof of some fact when the person before the Court asserting the fact is the one who needs to prove it. The opinions of the prosecutor and defense counsel, of course, are not evidence either, but nothing they said would have given the judge any reason to investigate further. Petitioner's first Ground for Relief is therefore completely without merit as he has not shown he was subjected to decision by a partial tribunal.

In his second Ground for Relief, Petitioner asserts his trial attorney labored under a conflict of interest and thereby denied him effective assistance of counsel. The facts on which he relies are again set forth in his *pro se* Brief on appeal. He relates that Judge Sage asked his attorney if he had investigated the claim of the informant information being on the website. Mr. Hawkins said "Judge, I looked all over the website and all the documents on its. I couldn't find any document that indicated such information." (Quoted at *pro se* Brief, PageID 85.)

If Petitioner believes this demonstrates a conflict of interest, he misunderstands an attorney's position. An attorney's oath binds him to be an officer of the court, not a "mouthpiece" for whatever his client wants to convey. A lawyer has an ethical/legal obligation not to present false testimony to a court. When his client made the claim about the website, Mr. Hawkins did the prudent thing: he checked the website himself. Once he had done so, he was obliged to answer Judge Sage's question truthfully. Petitioner has demonstrated no unconstitutional conflict of interest here and his second Ground for Relief should be dismissed with prejudice.

In his fourth Ground for Relief, Petitioner asserts that he was subject to ineffective assistance of appellate counsel because his appellate counsel, a different attorney from his trial attorney, filed an *Anders* brief. Petitioner has also demonstrated no merit in this ground for relief because he has not shown in any way any prejudice from the filing of the *Anders* brief. Indeed, filing such a brief is precisely what an attorney is supposed to do when he finds no appealable issue. In his *pro se* Brief, Petitioner does not present any possible assignment of error which would be meritorious and he has not submitted any additional argument here. Without some showing of at least an arguable assignment of error, Petitioner cannot prevail on this claim. As the foregoing analysis has shown, his first two assignments of error are completely without merit, even "frivolous," as the Court of

Appeals found. And Petitioner has presented nothing else.

## Conclusion

Based on the foregoing analysis, it is respectfully recommended that the Petition be dismissed with prejudice. Because reasonable jurists would not disagree with this conclusion, Petitioner should be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

June 10, 2010.

s/ **Michael R. Merz**<br>United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).

J:\Documents\Hamilton Habeas Merits R&R.wpd