**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON**

RANDOLPH HAMILTON,

       Petitioner,      :      Case No. 1:09-cv-295

                                  :      District Judge S. Arthur Spiegel
  -vs-                              Magistrate Judge Michael R. Merz

TIMOTHY BRUNSMAN, Warden,

                                    :
       Respondent.

**SUPPLEMENTAL REPORT AND RECOMMENDATIONS**

This case is before the Court on Petitioner Randolph Hamilton's Objections (Doc. No. 13) to the Magistrate Judge's Report and Recommendations ("R&R," Doc. No. 11) recommending that the Petition be dismissed with prejudice. The General Order of Reference for the Dayton location of court permits a magistrate judge to reconsider decisions or reports and recommendations when objections are filed.

Mr. Hamilton brought this habeas corpus action under 28 U.S.C. § 2254 to obtain relief from his conviction in the Butler County Common Pleas Court on one count of possession of cocaine. He pleads the following grounds for relief:

> **Ground One:** Petitioner's confined by Respondent is unlawful because of partiality of trial judge - Sixth Amendment.
>
> **Supporting Facts:** In overruling Petitioner's motion to withdraw guilty plea state trial Judge based decision on personal knowledge and not record evidence thereby violating Sixth and Fourteenth Amendment right to impartial tribunal.

>**Ground Two:** Denial of counsel at trial court level.
>
>**Supporting Facts:** Trial counsel was actively pursuing conflicting interests in the case, the petitioner's and at the same time the State of Ohio's in violation of the Sixth and Fourteenth Amendment[s], United States Constitution.
>
>**Ground Three:** Absolute right to due process under Fourteenth Amendment denied where court exceeded sentencing authority.
>
>**Supporting Facts:** State trial judge sentenced Petitioner for elements of offense for which he was never charged, thereby exceeding sentencing authority.
>
>**Ground Four:** Denial of effective assistance of appellate counsel in violation of 6th and 14th Amendment[s].
>
>**Supporting Facts:** Appellate counsel filed an *Anders v. California* brief and therefore abandoned Petitioner to proceed in *pro se* in violation of right to counsel on appeal.

(Petition, Doc. No. 1, PageID 5-9.)

For ease in following the argument, this Supplemental Report and Recommendations treats the Grounds for Relief in the same order they are treated in the Objections

## Ground Three

In his Third Ground for Relief, Petitioner asserts he was sentenced "for elements of offense for which he was never charged." Respondent claimed this Ground for Relief was procedurally defaulted because it had never been presented to the state courts and the Magistrate Judge agreed. (R&R, Doc. No. 11, PageID 193-194.)

In his Objections, Petitioner makes clear what this claim is. He was sentenced to eight years in prison on a first degree felony for possession of cocaine. Ohio Revised Code § 2929.14(A)(1)

provides that for a first degree felony the sentence shall be three, four, five, six, seven, eight, nine, or ten years. As provided in Ohio Senate Bill 2 as adopted in 1996, a court was required to impose the minimum sentence for a felony unless the judge made certain additional findings of fact beyond the guilty verdict of the jury on the elements of the crime. In *State v. Foster*, 109 Ohio St. 3d 1, 845 N.E. 2d 470 (2006), the Ohio Supreme Court found this provision of S.B. 2 to be unconstitutional and severed it from Ohio Revised Code § 2929.14 with the effect that after *Foster* a trial judge in Ohio can sentence a felon to any sentence up to the maximum in 2929.14(A) without making any findings beyond those made by a jury or admitted by a guilty plea. The essence of Petitioner's third ground for relief is that the Ohio Supreme Court could not do what it purported to do in *Foster*. He states:

> Article I,§ 18,Ohio Constitution provides that:"No power of suspending laws shall ever be exercised, except by the general assembly".(Emphasis ours.) Accordingly,since Ohio Revised Code Section 2929.14(B) has never been repealed and/or suspended by the Ohio General Assembly, the Ohio Supreme Court's decision in *State v. Foster, supra,* cannot have the effect of nullifying Ohio Revised Code Section 2929.14(B).

(Objections, Doc. No. 13, PageID 202.) Clearly, this is a question of Ohio constitutional law. Federal courts have no authority to overrule a state supreme court on a question of state law[1]. The holding of the Ohio Supreme Court that an Ohio trial judge no longer is required to make special

---

[1] Numerous habeas corpus petitioners in this Court have argued that *Foster* is federally unconstitutional as applied to those who committed offenses before it was handed down under the Ex Post Facto and Due Process Clauses. This Court has consistently rejected federal constitutional arguments about *Foster*. The Ohio Supreme Court's severance decision in *State v. Foster* is not unconstitutionally retroactive. *Smith v. Cook*, Case No. 3:08-cv-107 (S.D. Ohio Aug. 27, 2008)(Merz, M.J.); *Parker v. Warden*, 2008 WL 4547490, 2008 U.S. Dist. LEXIS 80509 (S.D. Ohio, Oct. 10, 2008)(Rice, J.); *Hooks v. Sheets,* 2008 U.S. Dist. LEXIS 77612 (S.D. Ohio Oct. 3, 2008)(Beckwith, C.J.); *Ruhlman v. Warden*, 2009 U.S. Dist. LEXIS 101820 (S.D. Ohio Nov. 2, 2009)(Beckwith, J.).

findings of fact in order to enter a valid sentence for more than the statutory minimum is absolutely binding on this Court. *Ray Industries, Inc. v. Liberty Mut. Ins. Co.*, 974 F.2d 754, 758 (6th Cir. 1992); *Miles v. Kohli & Kaliher Assocs.,* 917 F.2d 235, 241 (6th Cir. 1990).

Even if the Ohio Supreme Court is wrong about what the Ohio Constitution allows it to do, that does not give Petitioner a right to relief. As the United States Supreme Court held just last year, "[a] mere error of state law is not a denial of due process." *Rivera v. Illinois*, 556 U.S. ___, 129 S. Ct. 1446, 1454, 173 L. Ed. 2d 320 (2009), quoting *Engle v. Isaac*, 456 U.S. 101, 121, n. 21 (1982). Thus Petitioner would not be entitled to relief on his third ground even if this Court could reach the merits of the third ground.

However, this Court cannot reach the merits because this claim is procedurally defaulted, as noted in the Report and Recommendations, because it was never presented to the state courts. Petitioner objects that a claim that a state court judgment is void can never be procedurally defaulted, citing *Gonzalez v. Abbott*, 967 F.2d 1499 (11th Cir. 1992). What the Eleventh Circuit actually held is that petitioner's claim in that case – that the Georgia statute did not make what he had done a crime – was not subject to procedural default because he was claiming to be "actually innocent." Id. at 1504, citing *Murray v. Carrier,* 477 U.S. 478, 496 (1986), and *Wainwright v. Sykes*, 433 U.S. 72, 90-91 (1977). Petitioner's claim in Ground Three in this case is not a claim of actual innocence, but a claim that he was sentenced to more time than the statute authorizes.

Finally, Petitioner argues that the Butler County Common Pleas Court lacked subject matter jurisdiction to sentence him as it did. However, in Ohio it is the Common Pleas courts which have jurisdiction over felony offenses and *State v. Foster* holds the sentence imposed here was within the authority of that court.

Ground Three for Relief is both without merit and procedurally defaulted.

**Grounds One and Two**

Petitioner sought to set aside his guilty plea on grounds that he was unable to keep his part of the plea bargain because the fact of his release and its purpose had been posted on the website of the Butler County Clerk of Courts. He tried to prove this with an in-court repetition by his girlfriend of what the girlfriend's niece had told her about seeing it on the website. When this hearsay testimony was presented, the judge said he had looked at the website and could not find it. He asked defense counsel about it, who said he, too, was unable to find it. Out of this set of facts, Petitioner constructs Ground One – that the trial judge was biased – and Ground Two – that his trial attorney was operating under a conflict of interest when he answered the judge's question.

The R&R recommends dismissing Ground One largely because the evidence presented by Petitioner for withdrawal of his guilty plea consisted of hearsay and the judge's attempts to check out the veracity of the hearsay – by looking at the website himself and asking defense counsel what he saw on the website – did not display bias or prejudice.

Petitioner objects that he was entitled to a full evidentiary hearing on his motion to withdraw his plea (Objections, Doc. No. 13, PageID 205). However, the authority he cites for this proposition does not support it. *State v. Hester*, 45 Ohio St. 2d 71, 341 N.E. 2d 304 (1976), holds that a judge deciding a petition for post-conviction relief under Ohio Revised Code § 2953.21 must make and file findings of fact and conclusions of law; it says nothing about motions to withdraw a guilty plea. *State v. Milanovich,* 42 Ohio St. 2d 46, 325 N.E. 2d 540 (1975), also states the circumstances in

which an evidentiary hearing is required on a petition for post-conviction relief under Ohio Revised Code § 2953.21. *State v. Perry*, 10 Ohio St. 2d 175, 226 N.E. 2d 104 (1967), is the leading case for the Ohio doctrine of *res judicata* in criminal cases, holding that a constitutional claim which relies only on material already in the record and could therefore have been raised on direct appeal is barred by *res judicata* from being raised in a § 2953.21 petition. The procedure regarding withdrawal of a guilty plea is set forth in Ohio R. Crim. P. 32.1 and does not provide for an evidentiary hearing.

Petitioner further argues that for the judge to consult the website of the Clerk of Courts destroyed the judge's impartiality. The argument borders on the absurd. As the Magistrate Judge writes this Supplemental Report and Recommendation, he has displayed on his computer's video monitor a page from the intranet website of this Court, maintained by the Clerk of this Court, showing the docket in this case. While the Magistrate Judge is reading Petitioner's Objections from a printed copy, that copy was obtained by selecting the Objections from the displayed page and having them printed. Since this Court began electronic filing September 1, 2003, all filings have been docketed and maintained electronically. Indeed, there no longer exists in readable form a paper original of Petitioner's Objections, because almost all *pro se* filings in this Court are shredded once the original paper filing has been scanned and uploaded to the computer maintained by the Clerk. Nor is this Court idiosyncratic in this regard: every United States District Court now maintains almost all of its filings electronically. It is perfectly proper for a court to take judicial notice of its own records. At least in federal courts, and increasingly in American state courts, it is impossible even to see a court's own records without using the internet to do so. Therefore, the trial judge's doing so in this case was not even a violation of the evidence rules, much less an act showing bias. Ground One for Relief is without merit.

Ground Two complains of the trial attorneys' answering truthfully the judge's question whether the attorney saw on the website what the girlfriend's niece claimed as there.  The R&R recommends that this claim be dismissed because the trial attorney did not display disloyal conduct by answering the judge's question.  The Objections add nothing of substance on this point.  Petitioner seems to claim that by answering the judge's question truthfully, his attorney switched sides and began representing the State of Ohio (Objections, Doc. No. 13, PageID 206).  As noted in the R&R, this claim misunderstands an attorney's duty as an officer of the court.

## Ground Four

In Ground Four Petitioner asserts he received ineffective assistance of appellate counsel when his appellate counsel filed an *Anders* brief.  The Magistrate Judge recommended denial of Ground Four because Petitioner had demonstrated no prejudice from his counsel's having filed an *Anders* brief because his *pro se* assignments of error were meritless, even frivolous.

In his Objections, Petitioner says, in completely conclusory fashion, that the assignments of error were not frivolous.  The *pro se* assignments of error are as follows:

### Assignment of Error No. 1

Appellant's absolute right to procedural due process of law was violated where the trial court overruled his motion to withdraw guilty plea based upon personal information known to the court, prosecutor and defense counsel depriving him of an impartial tribunal.

### Assignment of Error No. 2.

Appellant was deprived of his Sixth and Fourteenth

> Amendment right to assistance of counsel in the trial court where his defense attorney was actively pursuing conflicting interests.
>
> **Assignment of Error No. 3.**
>
> Trial court exceeded its sentencing authority where the court imposed more than the maximum/minimum sentence of three (3) years fora first degree felony in violation of Appellant's absolute right to procedural due process of law.
>
> **Assignment of Error No. 4.**
>
> Appellant is presently being denied the assistance of counsel on this appeal of right.

(Pro Se Brief, Ex. 10 to Return of Writ, Doc. No. 8, PageID 80-81.)

As can be readily seen, these are the same claims Petitioner has raised in his Petition in this case. For the reasons set forth in the original Report and Recommendations and above, they are without merit.

"In order to succeed on a claim of ineffective assistance of appellate counsel, a petitioner must show errors so serious that counsel was scarcely functioning as counsel at all and that those errors undermine the reliability of the defendant's convictions." *McMeans v. Brigano*, 228 F.3d 674 (6th Cir. 2000), citing *Strickland* and *Rust v. Zent*, 17 F.3d 155, 161-62 (6th Cir. 1994). Counsels' failure to raise an issue on appeal could only be ineffective assistance if there is a reasonable probability that inclusion of the issue would have changed the result of the appeal. *McFarland v. Yukins*, 356 F.3d 688, 699 (6th Cir. 2004), *citing Greer v. Mitchell,* 264 F.3d 663, 676 (6th Cir. 2001), *cert. denied,* 535 U.S. 940 (2002). "Counsel's performance is strongly presumed to be effective." *McFarland, quoting Scott v. Mitchell*, 209 F.3d 854, 880 (6th Cir. 2000)(*citing Strickland*). To prevail on a claim of ineffective assistance of appellate counsel, a petitioner must show that

appellate counsel ignored issues [which] are clearly stronger than those presented. *Webb v. Mitchell,* 586 F.3d 383, 399 (6th Cir, 2009); *Smith v. Robbins*, 528 U.S. 259, 288 (2000), *quoting Gray v. Greer*, 800 F.2d 644, 646 (7th Cir. 1986).

Petitioner seems to believe that the filing of an *Anders* brief is per se proof he received ineffective assistance of appellate counsel. But *Anders v. California*, 386 U.S. 738 (1967), is part of the jurisprudence of effective assistance of counsel under the Sixth Amendment constructed by the United States Supreme Court.

It is of course conceivable that a state court of appeals would accept an *Anders* brief and the defendant would later show in federal habeas corpus that there was a good assignment of error which could and should have been raised and which would probably have been granted. But Petitioner has not made that demonstration here. His Fourth Ground for Relief is without merit.

## Conclusion

Having considered this case in light of Petitioner's Objections, the Magistrate Judge again respectfully recommends it be dismissed with prejudice and Petitioner be denied leave to appeal *in forma pauperis* and any requested certificate of appealability.

July 10, 2010.

s/ **Michael R. Merz**
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Pursuant to Fed. R. Civ. P. 6(e), this period is automatically extended to seventeen days because this Report is being served by one of the methods of service listed in Fed. R. Civ. P. 5(b)(2)(B), (C), or (D) and may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendations are based in whole or in part upon matters occurring of record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See United States v. Walters*, 638 F. 2d 947 (6th Cir., 1981); *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed. 2d 435 (1985).