```
                  UNITED STATES DISTRICT COURT
                   SOUTHERN DISTRICT OF OHIO
                       WESTERN DIVISION
```

RANDOLPH HAMILTON,              :       NO. 1:09-CV-00295
                                :
    Petitioner,                 :
                                :
    v.                          :       **OPINION AND ORDER**
                                :
WARDEN, LEBANON CORRECTIONAL    :
INSTITUTION,                    :
                                :
    Respondent.                 :

        This matter is before the Court on the Magistrate Judge's Report and Recommendations (doc. 11), Petitioner's Objections (doc. 13), the Magistrate Judge's Supplemental Report and Recommendations (doc. 14), and Petitioner's Objections (doc. 16). For the reasons indicated herein, the Court ADOPTS and AFFIRMS the Magistrate Judge's Reports and Recommendations, DENIES Petitioner's Objections, and DISMISSES Petitioner's Petition for Writ of Habeas Corpus, with prejudice.

        Petitioner filed his Petition for a Writ of Habeas Corpus on April 28, 2009, challenging his eight-year sentence in the Butler County, Ohio Court of Common Pleas for possession of cocaine (doc. 1). Petitioner pleads four grounds for relief: 1) confinement is unlawful because of the partiality of the trial judge, 2) denial of counsel at the trial level, 3) denial of due process because the court exceeded its sentencing authority, and 4) denial of effective assistance of appellate counsel (Id.).

**I. The Magistrate Judge's Report and Recommendation**

The Magistrate Judge thoroughly reviewed all of Petitioner's grounds for relief (doc. 11). The Magistrate Judge found the third ground for relief procedurally defaulted, and grounds one, two, and four lacking merit (Id.).

The Magistrate Judge found Petitioner's third ground for relief, that the court exceeded its sentencing authority, procedurally defaulted (Id.). Petitioner asserted that he was sentenced for "elements of offense for which he was never charged" (Id.). The Magistrate Judge noted that Petitioner never raised this claim to state court on direct appeal (Id.). Therefore, the Magistrate Judge found this claim procedurally defaulted (Id. citing Thompson v. Bell, 580 F.3d 423, (6th Cir. 2009)).

The Magistrate Judge found Petitioner's first ground for relief, partiality of the trial judge, without merit (Id.). Petitioner pled guilty to possession of cocaine (Id.). As part of his plea agreement, Petitioner agreed to act as an informant to set up his drug supplier (Id.). However, Petitioner allegedly violated the terms of his bond (Id.). Petitioner argued that he was unable to keep his part of the bargain because the fact of his release and its purpose had been posted on the website for the Butler County Clerk of Courts ("the website") (Id.). Petitioner apparently learned this information from his girlfriend, who had learned it from her niece (Id.).

2

When this evidence was presented to the Court, the trial judge said he had looked at the website, and could not find the informant information (doc. 14). The trial judge then asked defense counsel about this claim, who was also unable to find the informant information on the website (Id.). Petitioner asserts that these actions by the trial judge relied on "the Court's, prosecuting attorney's and defense counsel's negative inferences" (doc. 8) and therefore were impermissibly biased (doc. 11).

The Magistrate Judge rejected this argument (Id.). He noted that Petitioner's evidence before the court was hearsay (Id.). Secondly, the Magistrate Judge noted that the Petitioner bore the burden of proving whether the alleged information was on the website (Id.). The Magistrate Judge held that the trial judge was not biased by relying on the absence of proof from the Petitioner (Id.).

The Petitioner's second ground for relief is that his trial attorney labored under a conflict of interest, denying Petitioner effective assistance of counsel (Id.). Petitioner's trial attorney said he could not find the informant information on the website, in response to a question from the trial judge (Id.). Petitioner asserts that this created a conflict of interest (Id.). The Magistrate Judge rejected this argument, noting that as an attorney, Petitioner's trial counsel had an ethical\legal obligation not to present false testimony to a court (Id.).

Petitioner's fourth ground for relief was that he was denied effective assistance of appellate counsel because his appellate counsel filed an <u>Anders</u> brief (<u>Id</u>.). An <u>Anders</u> brief is a brief that a court appointed attorney can file to withdraw from an appeal that the attorney believes to lack merit (<u>see</u> <u>Anders v. California</u>, 386 U.S. 738 (1967)). The Magistrate Judge found no merit in this ground because Petitioner could not show any arguable assignment of error(<u>Id</u>.).

**II. Petitioner's Objections to the Magistrate Judge's Report and Recommendation.**

Petitioner objects to the Magistrate Judge's Report and Recommendation as to all four grounds (doc. 13). As to ground three, Petitioner objects to the Magistrate Judge's finding that failure to raise his claim in state court caused it to be procedurally defaulted (<u>Id</u>.). Petitioner claims that the state court judgement is void, and therefore cannot be procedurally defaulted (<u>Id</u>. <u>citing</u> <u>Gonzalez v. Abbot</u>, 967 F.2d 1499 (11th Cir. 1992)). According to Petitioner, a prison sentence of eight years for possession of cocaine directly violates Ohio Revised Code § 2929.14(B) (<u>Id</u>.). Such section mandates that lacking certain "judicial factfindings," a sentencing court only has the authority to impose the "shortest possible prison term" (<u>Id</u>.). In Ohio the minimum prison term for possession of cocaine is three years (<u>Id</u>.). Petitioner notes that the Ohio Supreme Court overturned O.R.C. § 2929.14(B) in <u>State v. Foster</u>, 109 Ohio St.3d 1 (Ohio, 2006) (<u>Id</u>.).

4

However, Petitioner argues that Article 1, § 18 of the Ohio Constitution does not permit the Ohio Supreme Court to overturn O.R.C. § 2929.14(B)(Id.). Additionally, Petitioner argues that a void judgement falls under the "miscarriage of justice" exception to procedural default (Id. citing Gonzalez v. Abbot, 967 F.2d 1499 (11th Cir. 1992)). Finally, Petitioner argues that the trial court lacked subject matter jurisdiction (Id.).

Petitioner additionally opposes the Magistrate Judge's findings on grounds one, two and four (Id.). As to ground one, Petitioner argues that the state court should have ordered an evidentiary hearing on the issue of the website (Id.). According to Petitioner, by looking at the website and by asking the prosecuting and defense attorneys, the trial judge caused all three to act as witnesses against the Petitioner's interests (Id.). Petitioner argues that this constituted a partial tribunal in violation of the Sixth and Fourteenth Amendments to the U.S. Constitution (Id.).

As to ground two, Petitioner argues that by answering the trial court judge's question, Petitioner's defense counsel represented the State of Ohio. Petitioner argues that this violated his counsel's duty of loyalty to Petitioner (Id.).

As to ground four, Petitioner argues that by filing an Anders brief, Petitioner's appellate defense counsel constructively denied him the right to counsel (Id.).

5

**III. Magistrate Judge's Supplemental Report and Recommendation**

The Magistrate Judge subsequently issued a Supplemental Report and Recommendation (doc. 14) which rejected all of Petitioner's objections.

As to ground three, the Magistrate Judge noted that the merits of State v. Foster, 109 Ohio St.3d 1 (Ohio, 2006) is a question of state constitutional law which federal courts do not have the authority to overrule (Id.). Additionally, the Magistrate Judge noted that the Court can not even reach the merits of ground three, since it is still procedurally defaulted (Id.). The Magistrate Judge clarified Gonzalez v. Abbot, 967 F.2d 1499 (11th Cir. 1992), in which the 11th Circuit held that a claim of actual innocence was not subject procedural default (Id.). The Magistrate Judge noted the Petitioner did not claim actual innocence, and accordingly held that Petitioner's reliance on the Gonzalez decision was misplaced (Id.).

Additionally, the Magistrate Judge found that the Butler County Common Pleas Court did not lack subject matter jurisdiction to sentence Petitioner (Id.). This was because in Ohio the Common Pleas courts have jurisdiction over felony offenses and Ohio Constitutional Law supports the eight year sentence imposed (Id.).

The Magistrate Judge further rejected the renewed objection to ground one, that the trial court judge's impartiality was destroyed by looking at the website of the Clerk of Courts

(Id.). The Magistrate Judge noted that not only are judges allowed to look at electronic versions of the docket, but since electronic filing began, they are often required to (Id.). Thus, a trial judge using the internet to look at the docket is not even violating the evidence rules (Id.). Therefore, the Magistrate Judge held that such actions do not show bias (Id.).

The Magistrate judge also rejected the renewed claims for grounds two and four (Id.). The Magistrate judge deferred to the original Report and Recommendations(Id. citing doc. 11), noting that Petitioner's objections added nothing of substance (Id.).

**IV. Petitioner's Objections to the Supplemental Report and Recommendation**

Petitioner objected on all four grounds to the Supplemental Report and Recommendations (doc. 16). As to ground three, Petitioner suggests three reasons why his claim cannot be procedurally defaulted. First, Petitioner argues that under the miscarriage of justice exception, his claim may still be cognizable (Id. citing Murray v. Carrier, 477 U.S. 478 (1986)). Second, Petitioner argues that by exceeding his sentencing authority in this case, the trial court judge caused Petitioner's sentence to be void under state and federal law, and therefore not subject to procedural default (Id. citing Maupin v. Smith, 785 F.2d 135 (6th Cir. 1986)). Finally, Petitioner argues that by enacting O.R.C. § 2929(B), which mandated minimum sentences for drug offences without certain judicial factfindings, the state of Ohio created a

7

protectable liberty interest under the Fourteenth Amendment to the U.S. Constitution (Id. citing Kentucky Dept. of Corrections v. Thompson, 490 U.S. 454 (1989)). Petitioner argues that State v. Foster, 109 Ohio St.3d 1 (Ohio, 2006) is merely common-law, and therefore does not override O.R.C. § 2929 (B) (Id.).

As to grounds one and two, Petitioner simply reiterated his earlier objections (Id.). As to ground four, Petitioner argues that his objections on ground three show that there was an appealable issue and therefore filing an Anders brief was unwarranted (Id.).

## V. Analysis

The Court finds the Petitioner's supplemental objections to lack merit. Petitioner presented three reasons to object to the Magistrate Judge's finding on ground three. First, Petitioner notes that miscarriages of justice are not subject to procedural default (doc. 16 citing Murray v. Carrier, 477 U.S. 478 (1986)). However, Petitioner has not put forth any evidence that his case is actually an example of a miscarriage of justice. As noted by the Magistrate Judge, Petitioner is arguing that the court exceeded its sentencing authority, not that he is actually innocent (doc. 14).

The second and third reasons, that the judgment is void and that there is a protected liberty interest respectively, both rely on the mandatory sentencing language in R.C. 2929.14 (B). However, O.R.C. 2929.14 (B) was declared unconstitutional by the

Ohio Supreme Court in State v. Foster, 109 Ohio St.3d 1 (Ohio, 2006). For the reasons provided in the Magistrate Judge's Supplemental Report and Recommendations (doc. 14) , the Court will not review the Foster decision. Therefore, the judgement is neither void nor does Petitioner have a protectable liberty interest in a three-year sentence.

As for Petitioner's reiterated objections on grounds two and four, the Magistrate Judge's original and supplemental Reports and Recommendations (docs. 11, 14) offered an incredibly thorough review of the record and the applicable law. This review has convinced the Court that Petitioner is not entitled to the habeas relief he seeks in his Petition.

## VI. Conclusion

Having reviewed this matter, the Court finds the Magistrate Judge's Reports and Recommendations well-taken in all respects. The Court therefore ADOPTS and AFFIRMS the Magistrate Judge's Reports and Recommendations (docs. 11, 14). As such the Court DISMISSES Petitioner's Petition (doc. 1) with prejudice.

The Court further FINDS that a certificate of appealability should not issue with respect to his Petition, because under the two-part standard established in Slack v. McDaniel, 529 U.S. 473, 484-85 (2000), "jurists of reason" would not find it debatable whether this Court is correct in its procedural ruling or whether Petitioner has stated viable

9

constitutional claims.  The Court further CERTIFIES pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Order would not be taken in good faith, and therefore the Court DENIES Petitioner leave to proceed on appeal *in forma pauperis* upon a showing of financial necessity.  Fed. R. App. P. 24(a); Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).

    SO ORDERED.


Dated: May 10, 2011        /s/ S. Arthur Spiegel
                                    S. Arthur Spiegel
                                    United States Senior District Judge